UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

~~HAMPDEN~~, ss.

05-30104-MAP

CHESTER J. SEARS,
      Plaintiff

v.

MASSACHUSETTS TURNPIKE
AUTHORITY, and
CHESTER J. GDULA,
      Defendants

COMPLAINT AND
DEMAND FOR JURY TRIAL

1. The Plaintiff, Chester Sears, is an individual and natural person currently residing at the Holyoke Soldiers' Home, Cherry Street, Holyoke, Massachusetts 01040.

2. The Defendant, Massachusetts Turnpike Authority is a quasi-public entity which operates an maintains the 135 mile toll road from the New York border to Boston, as well as the Callahan-Sumner and Ted Williams Tunnels connecting Boston with East Boston. (Turnpike), with a business address located at the State Transportation Building, 10 Park Plaza, Suite 4160, Boston, Massachusetts 02116.

3. The Defendant, Massachusetts Turnpike Authority accepts service of process via its registered agent for service of process, Attorney General, Thomas F. Reilly, One Ashburton Place, 20th Floor, Boston, MA 02108.

4. The Defendant Chester J. Gdula is an individual and natural person currently residing at 42 Lower Terrace, Chicopee, Massachusetts (Gdula).

5. At all times material hereto, Gdula was the Authority's Manager of patron Services with supervisory authority over the Emergency Service Patrol. Prior to assuming this position in April 1997, Mr. Gdula was hired as the Assistant Manager of patron Services in 1990.

6. This Court has jurisdiction over the public and quasi-public employer and employee Defendants pursuant to M.G.L.A. c.258, §§ 1-8.

## FACTS

7. The Plaintiff was first employed in January of 1989 with the Respondent Turnpike as a maintenance worker (union position).

8. Prior to the time referenced in paragraph seven (7) above, the Plaintiff had suffered from alcoholism and was actively voluntarily and personally involved with keeping this condition under control.

9. The Plaintiff's duties as a maintenance worker did include work at the Defendant Turnpike's Blandford location, which area services that particular geographic area of the Pike for plowing snow, cutting grass, cleaning up trash and debris, and other various maintenance activities to maintain the Turnpike in its appearance."

10. As a maintenance worker the Plaintiff's duties included inspecting equipment for safe and proper operation, repairing roadways and other structures and filing relevant reports.

11. During March of 1992 the Plaintiff was reclassified to the position of Emergency Service Patrol Person (ESP) (union position).

12. The emergency patrol is a group of men who patrol the [turnpike] road in specially equipped vehicles to provide assistance to motorists who break down on the turnpike.

13. Defendant Turnpike instructed Plaintiff that he was providing a service to get patrons on the way that were disabled and broken down on the Turnpike.

14. At all times material hereto, the Plaintiff was instructed that if he had any issues, he was to directly report to his direct supervisor, the Defendant Gdula.

15. On May 2, 1995, and during the time the Plaintiff was employed with the Defendant Turnpike as an emergency roadside patrol person, he was diagnosed as having contracted hepatitis C.

16. Aggressive medical treatments were then prescribed to treat the Plaintiff's condition.

17. The side effects of the prescribed medicines the Plaintiff was taking for his treatment, and specifically for the battle to save his life, specifically included interferon and its derivatives, which medicines became a significant and substantial influence on Mr. Sears's perceived inappropriate mod and behavior.

18. At all times material hereto, the Plaintiff duly and timely notified the Defendant Gdula that he was diagnosed with this medical condition.

19. At all times material hereto, the Plaintiff made notations on his required daily logs, frequently referencing his medical condition and related issues, which was the basis of his handicap.

20. Every truck is stocked with patrol log sheets, which are required to be filled out, signed and filed at the end of every shift. These logs would then be collected at he end of every week.

21. These log records date back to 1992.

22. Defendants did admit and acknowledge that they have seen personal information on logs.

23. Defendants did admit and acknowledge that they did know of employees communicating information to them through the logs.

24. Defendants were aware of Plaintiff's communicating to them through the logs.

25. Defendants did admit and acknowledge that they were aware that Plaintiff was on chemotherapy through his communications to them through the logs.

26. During 1998, Defendant Gdula did admit and acknowledge the Plaintiff did inform him that he had to inject himself with drugs.

27. In 1998 the Defendants' were aware of a letter from Dr. Clay who said that the Plaintiff might need time off from work because he was undergoing chemotherapy.

28. Plaintiff went out on medical leave of absence beginning April 25, 2001 for his medical conditions, including hepatitis C.

29. Plaintiff routinely requested that the Defendants accommodate his condition.

30. At all times material hereto, Defendants indicated that they would reasonably accommodate an employee suffering from a valid handicap.

31. Defendant Gdula admitted that Plaintiff requested to be put on night shifts due to the fact that since he was undergoing chemotherapy, he would want to work where it is a little quieter and not as busy."

32. The Defendant Turnpike also hires employees who clean the turnpike facilities. In particular, this group of men and women are assigned to various buildings, toll plazas, barracks, information centers, office buildings, and they clean the buildings through an assigned schedule.

33. The Defendant Turnpike also hires employees who plant flowers and trees, keep them maintained and watered. They put flowers in the interchanges, plant flowers on some hillsides, plant shrubs, and do much to attempt to maintain a beautification-type program of the Turnpike, which is a cross over from the maintenance department.

34. At a hearing held during September 2001 on the issue of the Plaintiff's employment status, the Plaintiff stated that his medications detrimentally affected him and that they would cause side effects affecting mood swings, anger, instability, dizziness and nausea.

35. Defendant admitted and acknowledged that they would have made a work accommodation for an employee who they knew had a medical condition that required it.

36. Defendant Turnpike fired the Plaintiff on October 9, 2001, citing Complainant's acts of inappropriate, rude, threatening and disruptive behavior while in the workplace.

37. At all times material hereto, the Defendant Turnpike operated under policy directives which included that in accordance with governing statutes and regulations that the Massachusetts Turnpike Authority demands of itself and its employees that all work related activities will be conducted with complete respect for the dignity of all employees. No personnel decision will directly or indirectly be based on consideration of an employee's disability.

## COUNT I – HANDICAP DISCRIMINATION
## MASSACHUSETTS TURNPIKE AUTHORITY

38. Plaintiff reaffirms and realleges the allegations contained in paragraphs one (1) through thirty-four (34) and incorporates the same herein.

39. The Plaintiff's medical history sufficiently established a record that he was handicapped within the meaning of the M.G.L.A. c.151B while employed by the respondent turnpike.

40. The Plaintiff's Hepatitis C condition constituted a valid handicap

41. M.G.L.A. c.151B protects qualified handicapped persons, such as the Plaintiff, who can perform the essential functions of the job, with or without reasonable accommodations.

42. At all times material hereto, the Plaintiff was handicapped within the meaning of the statute, being a person who had a physical or mental impairment, which substantially limited one or more life activities, that is supported by a record of such impairment

43. Plaintiff's job performance did not become a determinative issue in his employment with the Defendant Turnpike, except at such times on which he was suffering under the manifestations of the medications necessary to treat his medical condition.

44. At all times material hereto, Plaintiff duly notified the Defendants of his handicap and need for reasonable accommodations.

45. At all times material hereto, the Defendants were aware of the Plaintiff's handicap and were aware that the Complainant needed reasonable accommodations to perform his job.

46. At all times material hereto, Plaintiff required reasonable accommodations, due to his handicap, to perform his job.

47. At all times material hereto, the Defendants were aware of a means to reasonably accommodate the handicap, and they breached a duty to undertake reasonable investigation of a means to reasonably accommodate the handicap.

48. At all times material hereto, the Defendants failed to provide the Complainant with the necessary reasonable accommodations to which they had available for Plaintiff.

49. Defendant wrongfully and unlawfully discharged and fired Plaintiff due to his medical handicap, Hepatitis C, and the effects of the medications necessary to treat his medical condition.

50. As a result of the Defendant Turnpike's wrongful conduct, the Plaintiff has suffered and will continue to suffer substantial and significant financial damages, including lost income and benefits.

WHEREFORE, the Plaintiff, Chester Sears, demands judgment on Count I against the Defendant, Massachusetts Turnpike Authority, for all damages, including costs, interest and attorney's fees and any other relief deem equitable and proper.

## COUNT II – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
## MASSACHUSETTS TURNPIKE AUTHORITY

51. The Plaintiff realleges and reaffirms the allegations contained in paragraphs one through fifty (50), and incorporates the same herein by reference.

52. The Defendant Turnpike should have known that emotional distress was a likely result of its conduct directed against the Plaintiff.

53. The Authority's conduct was extreme and outrageous beyond all reasonable bounds of decency and was utterly intolerable in a civilized society.

54. The conduct of the Turnpike was the cause of the Plaintiff's emotional distress.

55. The emotional distress sustained by the Plaintiff due to the conduct the Turnpike was severe and of a nature that no reasonable man could be expected to endure.

56. As a result of the conduct of the Turnpike, the Plaintiff has suffered emotional distress and economic harm.

WHEREFORE, the Plaintiff, Chester Sears, demands judgment on Count II against the Defendant, Massachusetts Turnpike Authority, for all damages, including costs, interest and attorney's fees and any other relief deem equitable and proper.

## COUNT III – HANDICAP DISCRIMINATION
## CHESTER J. GDULA

57. Plaintiff reaffirms and realleges the allegations contained in paragraphs one (1) through fifty-six (56) and incorporates the same herein.

58. Defendant Gdula wrongfully and unlawfully participated in the discharge and firing of the Plaintiff due to his medical handicap, Hepatitis C, and the effects of the medications necessary to treat his medical condition.

5

59. As a result of the Defendant Gdula's wrongful conduct, the Plaintiff has suffered and will continue to suffer substantial and significant financial damages, including lost income and benefits.

WHEREFORE, the Plaintiff, Chester Sears, demands judgment on Count III against the Defendant, Chester J. Gdula, for all damages, including costs, interest and attorney's fees and any other relief deem equitable and proper.

## COUNT IV – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
## CHESTER J. GDULA

60. The Plaintiff realleges and reaffirms the allegations contained in paragraphs one through fifty-nine (59), and incorporates the same herein by reference.

61. The Defendant Gdula's conduct was intended to inflict and did inflict emotional distress and he should have known that emotional distress was a likely result of his conduct directed against the Plaintiff.

62. Gdula's conduct was extreme and outrageous beyond all reasonable bounds of decency and was utterly intolerable in a civilized society.

63. The conduct of Gdula was the cause of the Plaintiff's emotional distress.

64. The emotional distress sustained by the Plaintiff due to the conduct of Gdula was severe and of a nature that no reasonable man could be expected to endure.

65. As a result of the conduct of Gdula, the Plaintiff has suffered emotional distress and economic harm.

WHEREFORE, the Plaintiff, Chester Sears, demands judgment on Count IV against the Defendant, Chester J. Gdula, for all damages, including costs, interest and attorney's fees and any other relief deem equitable and proper.

The Plaintiff,
Chester Sears

_____
Chester Sears

6

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Chester J Sears

**DEFENDANTS**
Mass Turnpike Auth &
Chester Gould

(b) County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)

Attorneys (If Known)

**05-30104-MAP**

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question (U.S. Government Not a Party)
- [x] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [x] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [x] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 310 Airplane / [ ] 362 Personal Injury - Med. Malpractice | [ ] 620 Other Food & Drug | [ ] 423 Withdrawal 28 USC 157 | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability / [ ] 365 Personal Injury - Product Liability | [ ] 625 Drug Related Seizure of Property 21 USC 881 |  | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander / [ ] 368 Asbestos Personal Injury Product Liability | [ ] 630 Liquor Laws | **PROPERTY RIGHTS** | [ ] 450 Commerce |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment |  | [ ] 640 R.R. & Truck | [ ] 820 Copyrights | [ ] 460 Deportation |
| [ ] 151 Medicare Act | [ ] 330 Federal Employers' Liability | [ ] 650 Airline Regs. | [ ] 830 Patent | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans) | [ ] 340 Marine / **PERSONAL PROPERTY** | [ ] 660 Occupational Safety/Health | [ ] 840 Trademark | [ ] 480 Consumer Credit |
|  | [ ] 345 Marine Product Liability / [ ] 370 Other Fraud | [ ] 690 Other |  | [ ] 490 Cable/Sat TV |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle / [ ] 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | [ ] 810 Selective Service |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability / [ ] 380 Other Personal Property Damage | [ ] 710 Fair Labor Standards Act | [ ] 861 HIA (1395ff) | [ ] 850 Securities/Commodities/Exchange |
| [ ] 190 Other Contract |  |  | [ ] 862 Black Lung (923) | [ ] 875 Customer Challenge 12 USC 3410 |
| [ ] 195 Contract Product Liability | [ ] 360 Other Personal Injury / [ ] 385 Property Damage Product Liability | [ ] 720 Labor/Mgmt. Relations | [ ] 863 DIWC/DIWW (405(g)) |  |
| [ ] 196 Franchise |  | [ ] 730 Labor/Mgmt. Reporting & Disclosure Act | [ ] 864 SSID Title XVI | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | [ ] 740 Railway Labor Act | [ ] 865 RSI (405(g)) | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 441 Voting / [ ] 510 Motions to Vacate Sentence | [ ] 790 Other Labor Litigation | **FEDERAL TAX SUITS** | [ ] 892 Economic Stabilization Act |
| [ ] 220 Foreclosure | [ ] 442 Employment | [ ] 791 Empl. Ret. Inc. Security Act | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 893 Environmental Matters |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/Accommodations / **Habeas Corpus:** |  |  | [ ] 894 Energy Allocation Act |
| [ ] 240 Torts to Land |  / [ ] 530 General |  | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 895 Freedom of Information Act |
| [ ] 245 Tort Product Liability | [ ] 444 Welfare / [ ] 535 Death Penalty |  |  |  |
| [ ] 290 All Other Real Property | [ ] 445 Amer. w/Disabilities - Employment / [ ] 540 Mandamus & Other |  |  | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
|  | [ ] 446 Amer. w/Disabilities - Other / [ ] 550 Civil Rights |  |  | [ ] 950 Constitutionality of State Statutes |
|  | [x] 440 Other Civil Rights / [ ] 555 Prison Condition |  |  |  |

## V. ORIGIN (Place an "X" in One Box Only)

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity): Gov
Brief description of cause: Discrimination

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
- DEMAND $ _____
- CHECK YES only if demanded in complaint:
- JURY DEMAND: [x] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
(See instructions): 4/21/05
JUDGE _____
DOCKET NUMBER _____

DATE: (signature)
SIGNATURE OF ATTORNEY OF RECORD: Chester J Sears

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) _Chester J Sears Plantiff_
_Defendant Mass Turnpike and Chester Goula_

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

    ___ I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

    _X_ II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,   *Also complete AO 120 or AO 121
             740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.     for patent, trademark or copyright cases

    ___ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
             315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
             380, 385, 450, 891.

    ___ IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
             690, 810, 861-865, 870, 871, 875, 900.

    ___ V.   150, 152, 153.

    05 - 30104 - MAP

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

    _MCAD  16C 2002 01820_

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?

    YES [X]    NO [ ]

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)

    YES [X]    NO [ ]

    If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

    YES [ ]    NO [X]

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

    YES [ ]    NO [ ]

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).

    YES [X]    NO [ ]

    A. If yes, in which division do all of the non-governmental parties reside?

       Eastern Division [X]    Central Division [X]    Western Division [X]

    B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?

       Eastern Division [ ]    Central Division [ ]    Western Division [ ]

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)

    YES [ ]    NO [X]

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME _Chester J Sears_  _Cherry Street_
ADDRESS _Soldiers Home Holyoke 538 9425_
TELEPHONE NO. _01040_

Coversheetlocal.wpd - 10/17/02