UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Docket No. 05-30104-MAP

| | |
|---|---|
| CHESTER J. SEARS,<br>          Plaintiff,<br><br>v.<br><br>MASSACHUSETTS TURNPIKE<br>ATHORITY and CHESTER J.<br>GDULA,<br>          Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM IN OPPOSITION TO DEFENDANT CHESTER J. GDULA'S MOTION TO DISMISS

Plaintiff Chester J. Sears hereby files this memorandum in opposition to the Motion to Dismiss the Complaint.

### RELEVANT FACTS

In Plaintiff 's Complaint, he asserted a claim for:

1. handicap discrimination under M.G.L. c. 151B against defendant Massachusetts Turnpike Authority ("MTA") (Count I),

2. negligent infliction of emotional distress against MTA (Count II),

3. handicap discrimination under M.G.L. c. 151B against Gdula (Count III), and

4. intentional infliction of emotional distress against Gdula (Count IV).


Plaintiff 's Claims arose from the fact that MTA "fired the him on October 9, 2001. The MTA alleged that said firing was based upon acts by the Plaintiff of inappropriate, rude, threatening and disruptive behavior while in the workplace."

Actually, the underlying basis for any alleged inappropriate behavior was attributed to the medication and other treatment the Plaintiff was receiving at that time for is disability (Hepatitis-C and Cancer). Employer was on reasonable notice of the disability by virtue of the employee informing his supervisor of said condition and subsequent treatments. Nevertheless, the employer never provided any accommodations for the Plaintiff's disabilities. Had Plaintiff's disabilities been accommodated for, the alleged occurrences of inappropriate behavior would not have occurred.

### Argument

I.    This Court has Subject Matter Jurisdiction Over Plaintiff's Claims.

Federal Courts have 'limited jurisdiction'; they are empowered only to hear those cases that fall within Article III of the Constitution or an explicit grant of jurisdiction by Congress thereunder." Cummings v. Pearson Education, Inc., 2004 U.S. Dist. LEXIS 24831, 4 (D. Mass. 2004). Id. "Once a defendant moves pursuant to Rule 12(b)(1) for an action to be dismissed for want of subject matter jurisdiction, the plaintiff shoulders the burden of proof in demonstrating the existence of such jurisdiction." Id.

"As a matter of common practice, a district court confronted with a question of subject matter jurisdiction reviews a plaintiff's complaint not to judge the merits, but to determine whether the court has the authority to proceed. When conducting inquiry, the court only asks whether the complaint, on its face, asserts a colorable federal claim." IW Deceved v. Local S6, Industrial Union of Marine and Shipbuilding Workers of America, IAMAW District Lodge 4, 132 F.3d 824, 832 (1st Cir. 1997).

"When considering the allegations of a pro se plaintiff, a less stringent standard is to be applied than for pleadings drafted by counsel. ... <u>Cummings</u>, 2004 U.S. Dist. LEXIS 24831 at 4-5 (quotations and citations omitted).

The Court can take judicial notice of the existence of <u>Title I and Title V of the Americans with Disabilities Act of 1990.</u> While this Act was not specifically stated in the complaint, it is the sum and substance of M. G. L. 151B, and since the complaint was for handicap discrimination, and since the Plaintive is pro se, and since the "<u>Americans with Disabilities Act</u>" provides protection for disabled individuals and a legal recourse in the federal courts to address the issue, Plaintiff's suit can be said to 'arise under' federal law within the meaning of section 1331" of 28 U.S.C. "which grants federal district courts original jurisdiction over civil actions 'arising under the Constitution, laws, or treaties of the United States" <u>PCS 2000 LP, 148 f3D AT 34</u>. Negligent infliction of emotional distress, and intentional infliction of emotional distress are all part of the violation arising under the Constitution, laws or treaties of the United States by the Defendant, and therefore actionable as a claim in Federal Court and since this federally cognizable cause of action are within the understanding of the complaint, said complaint should not be dismissed for lack of subject matter jurisdiction..

II.    <u>Plaintiff's Claims for Negligent and Intention Infliction of Emotional Distress Must Not be Barred in this Suit.</u>

Although Massachusetts workers' compensation law prevents an employee from bringing common law tort claims against his employer for work-related injuries, unless the employee has reserved his right to do so. "Americans with Disabilities Act" was legislated to protect individuals from harassment and unfair treatment. The emotional distress being claimed is not work related and therefore not any part of a workers' compensation scheme, but rather, was an action on the part of the employer outside the scope of employment which is meant to be barred by the "Americans with Disabilities Act" provisions.

## CONCLUSION

For the foregoing reasons, Sears respectfully request this Court to not dismiss the Complaint, and to reconsider Plaintiff's previous Motion to Appoint Counsel which the Court had denied without prejudice and stated it would reconsider once a responsive pleading to the complaint had been filed.

Respectfully submitted

The Plaintiff,

Dated: July 25, 2005

CHESTER J. SEARS

BOBDELL/motions/ opposition to dismiss complaint

-4-

<u>Certificate of Service</u>

I, CHESTER J. SEARS, hereby certify that a true and accurate copy of the foregoing document was served via first class mail upon the following:

Edwin F. Landers, Jr.                     and      Lynne McNeill
MORRISON MAHONEY LLP                               MORRISON MAHONEY LLP
250 Summer Street                                  250 Summer Street
Boston, MA 02210                                   Boston, MA 02210
Attorney for Chester J. Gdula                      Attorney for Chester J. Gdula

Dated: 2/25/05

CHESTER J. SEARS