UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DOCKET NO. 05-30104-MAP

| | |
|---|---|
| CHESTER J. SEARS,<br>    Plaintiff,<br><br>v.<br><br>MASSACHUSETTS TURNPIKE<br>AUTHORITY and CHESTER J. GDULA,<br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM IN SUPPORT OF
DEFENDANT MASSACHUSETTS TURNPIKE AUTHORITY'S
MOTION TO DISMISS THE COMPLAINT**

INTRODUCTION

Defendant Massachusetts Turnpike Authority ("MTA") hereby files this memorandum in support of its motion to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted.

RELEVANT FACTS

In his Complaint, plaintiff asserts only state-law claims: a claim for handicap discrimination under M.G.L. c. 151B against MTA (Count I), negligent infliction of emotional distress against MTA (Count II), handicap discrimination under M.G.L. c. 151B against defendant Chester Gdula ("Gdula") (Count III), and intentional infliction of emotional distress against Gdula (Count IV). See Complaint. Plaintiff's claims arise from his allegation that MTA "fired the Plaintiff on October 9, 2001, citing Complainant's acts of inappropriate, rude, threatening and disruptive behavior while in the workplace." See id. ¶36.

970108v1

<u>ARGUMENT</u>

I.    <u>This Court Lacks Subject Matter Jurisdiction Over Plaintiff's State-Law Claims.</u>

"Federal courts have 'limited jurisdiction'; they are empowered only to hear those cases that fall within Article III of the Constitution or an explicit grant of jurisdiction by Congress thereunder." <u>Cummings v. Pearson Education, Inc.</u>, 2004 U.S. Dist. LEXIS 24831, 4 (D. Mass. 2004). "If challenged, federal jurisdiction is presumed to be lacking until established otherwise." <u>Id.</u> "Once a defendant moves pursuant to Rule 12(b)(1) for an action to be dismissed for want of subject matter jurisdiction, the plaintiff shoulders the burden of proof in demonstrating the existence of such jurisdiction." <u>Id.</u>

"As a matter of common practice, a district court confronted with a question of subject matter jurisdiction reviews a plaintiff's complaint not to judge the merits, but to determine whether the court has the authority to proceed. When conducting this inquiry, the court only asks whether the complaint, on its face, asserts a colorable federal claim." <u>BIW Deceived v. Local S6, Industrial Union of Marine and Shipbuilding Workers of America, IAMAW District Lodge 4</u>, 132 F.3d 824, 832 (1st Cir. 1997). "It is settled beyond peradventure that a federal court must determine the existence of federal question jurisdiction according to the well-pleaded complaint rule. ... The rule stipulates that, with few exceptions ..., a case arises under federal law only if a federally cognizable cause of action appears within the four corners of the complaint." <u>PCS 2000 LP v. Romulus Telecommunications, Inc.</u>, 148 F.3d 32, 34 (1st Cir. 1998) (*citation omitted*).

"When considering the allegations of a pro se plaintiff, a less stringent standard is to be applied than for pleadings drafted by counsel. ... This relaxed standard, however, neither requires the court to conjure up unpled allegations in a pro se complaint, ... nor

relieves the pro se plaintiff of his obligation to prove a jurisdictional basis for his lawsuit by mustering more than unsupported conclusions or interpretations of law. ... Dismissal is called for when it appears the court lacks jurisdiction over the claims or the parties." Cummings, 2004 U.S. Dist. LEXIS 24831 at 4-5 (*quotations and citations omitted*). See Overton v. Torruella, 183 F. Supp. 2d 295, 303 (D. Mass. 2001) (holding that pro se plaintiffs "must comply with applicable procedural and substantive rules of law").

"Because no other source of jurisdiction appears on the face of the complaint, [this Court] must ask whether [plaintiff's] suit can be said to 'arise under' federal law within the meaning of section 1331" of 28 U.S.C. "which grants federal district courts original jurisdiction over civil actions 'arising under the Constitution, laws, or treaties of the United States.'" PCS 2000 LP, 148 F.3d at 34. Plaintiff's claims for violation of M.G.L. c. 151B, negligent infliction of emotional distress, and intentional infliction of emotional distress are all state law claims and do not arise under the Constitution, laws, or treaties of the United States. Given that plaintiff has not stated any federally cognizable cause of action within the four corners of his complaint, his complaint must be dismissed for lack of subject matter jurisdiction.

II.  In Any Event, Plaintiff's Claims For Negligent And Intentional Infliction Of Emotional Distress Are Barred By The Exclusivity Provisions Of The Massachusetts Workers' Compensation Statute, M.G.L. c. 152.

Massachusetts workers' compensation law prevents an employee from bringing common law tort claims against his employer for work-related injuries unless the employee has reserved his right to do so. See Choroszy v. Wentworth Institute of Technology, 915 F. Supp. 446, 452 (D. Mass. 1996); M.G.L. c. 152, §24. "In Catalano v. First Essex Sav. Bank, 37 Mass. App. Ct. 377, 639 N.E.2d 1113 (Mass. App. Ct.), review

denied, 419 Mass. 1101, 644 N.E.2d 225 (Mass. 1994), the Massachusetts Appeals Court noted that §24 barred independent tort claims for negligent infliction of emotional distress regardless of whether the distress arose from a bona fide personnel action." Choroszy, 915 F. Supp. at 452. "The First Circuit, relying on Catalano as 'persuasive, reasoned dicta,' concluded that Mass. Gen. L. ch. 152, §24 preempted any remedy for common law tort claims. Clarke v. Kentucky Fried Chicken of Cal., Inc., 57 F. 3d 21 (1st Cir. 1995)." Id. The First Circuit in Clarke concluded that §24 "effectively preempted a broad range of civil actions based on employment-related emotional injury." Clarke, 57 F.3d at 29.

Based upon this well-established federal and state case law, plaintiff's claims for negligent and intentional infliction of emotional distress are barred by the Massachusetts workers' compensation statute, M.G.L. c. 152, §24. See Clarke, 57 F.3d at 29; Choroszy, 915 F. Supp. at 453; Catalano, 639 N.E. 2d at 1116; see also Renaud v. General Motors Corp., 316 F. Supp. 2d 77, 78 (D. Mass. 2004) (noting that it previously had dismissed state-law claims for intentional infliction of emotional distress and negligent supervision and training on grounds that those claims were barred by exclusivity provisions of Massachusetts workers' compensation law.)

970108v1

## CONCLUSION

For the foregoing reasons, MTA respectfully requests that this Court dismiss the Complaint.

                Respectfully submitted,

                MASSACHUSETTS TURNPIKE
                AUTHORITY
                By its Attorneys,

                _____
                Edwin F. Landers, Jr., BBO#559360
                Lynne McNeill, BBO#644721
                MORRISON MAHONEY LLP
                250 Summer Street
                Boston, MA  02210
                (617) 439-7500

Dated: July 27, 2005

970108v1